**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA CORTEZ PEREZ; F. A. A. C.; D. V. A. C.; F. J. A. C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3517 <br><br> Agency Nos. <br> A208-600-728 <br> A208-600-729 <br> A208-600-730 <br> A208-600-731 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026**
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA, District Judge.***

Angelica Cortez Perez and her three children are natives and citizens of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

Mexico.[1] Cortez Perez petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of an immigration judge's ("IJ") (collectively, the "Agency") order denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA relies in part on the IJ's decision, we review both the BIA's and IJ's decisions. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review the Agency's legal determinations de novo and factual determinations for substantial evidence. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition.

1.  The Agency did not err in considering Petitioner's personal circumstances in its analysis of whether there had been a fundamental change in circumstances sufficient to rebut the presumption of a well-founded fear of persecution. *See Ernesto Navas v. INS*, 217 F.3d 646, 662 (9th Cir. 2000) (government may "introduce evidence that, on an individualized basis, rebuts a particular applicant's specific grounds for his well-founded fear of future persecution."); *see also Iraheta-Martinez v. Garland*, 12 F.4th 942, 957 ("materially changed circumstances" sufficient to rebut presumption of future persecution where petitioner, who had been beaten and called homophobic slurs by his father as a child, was now a "grown man").

---

[1] Cortez Perez's children are derivative beneficiaries of her asylum application but did not file independent applications for relief from removal.

2.	Substantial evidence supports the Agency's determination that any presumption of a well-founded fear of persecution is rebutted by a fundamental change in circumstances. *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013) (quoting 8 C.F.R. § 208.13(b)(1)(i), (ii)). Here, although the IJ determined that Cortez Perez had suffered past persecution as part of a particular social group due to the serious abuse she suffered by her stepfather during her childhood, Petitioner testified that her stepfather has since passed away. She also stated that the abuse stopped when she married and left her childhood home more than seventeen years ago.[2]

**PETITION DENIED.**[3]

---

[2] Petitioner's remaining claims for relief are forfeited, as she does not address them in her opening brief. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).
[3] The temporary stay of removal remains in place until the mandate issues.

23-3517